**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| BULK TRADING S.A. | § | |
| | § | |
| *Plaintiff*, | § | Case No. |
| | § | |
| v. | § | **IN ADMIRALTY** |
| | § | |
| HANSON BULK PTE. LTD. | § | |
| | § | |
| *Defendant*. | § | |

**VERIFIED COMPLAINT**

Plaintiff, BULK TRADING S.A. (hereinafter "Bulk Trading" or "Plaintiff"), by and through its undersigned counsel, files this Verified Complaint against HANSON BULK PTE. LTD (hereinafter "Hanson" or "Defendant").

**JURISDICITON AND VENUE**

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure for claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b), because the property belonging to the Defendant, *to wit*, all bunkers on board the M/V CEDAR (IMO 9403035), are or will be located within the Eastern District of Louisiana during the pendency of this action.

**PARTIES**

3. At all times material hereto, Bulk Trading was and still is a foreign business entity organized under the laws of Switzerland.

4. At all times material hereto, Hanson was and still is a foreign business entity organized under the laws of Singapore.

**FACTS**

5. On July 3, 2026, Hanson and Bulk Trading entered into a voyage charter party for the carriage of approximately 30,000 MT of Green Delayed Petroleum Coke from Shuaiba, Kuwait to China aboard the M/V LINDEN (IMO 9285354), a Panama-flagged, RINA-class multipurpose cargo vessel (hereinafter, the "Vessel"). Consistent with industry practice, the parties utilized a form charter party agreement with primary terms amended in the Fixture Recap, and Loading Terms in a separate attached document (hereinafter, collectively, the "Charterparty"). *See* a true and correct copy hereto as **Exhibit 1**.

6. Between commencing the Charterparty until August 20, 2026, Hanson engaged in a series of repeated breaches of express provisions in the Charterparty and/or non-performance of the Charterparty, including, but not limited to: (1) unilaterally letting the Vessel depart the load port without berthing or loading the cargo against the Charterer's orders; (2) causing the Vessel to wait outside the port at anchor and refusing to allow it to re-enter and load the cargo; and (3) causing the Vessel to depart the Shuaiba anchorage altogether to undertake unconnected operations in Al Jubail.

7. On October 19, 2026, counsel for Bulk Trading in the United Kingdom contacted Hanson to demand for payment of losses caused by Hanson's repudiation and breach of the Charterparty: (1) freight differential equaling USD $891,000.00; (2) war risk insurance differential equaling USD $211,134.00; (3) prepayment interest charges equaling USD $135,785.88; and (4) legal costs to date equaling GBP 9,000.00. The total demand equals USD $1,237,919.88 plus GBP 9,000.00. Bulk Trading demanded payment of the total demand to its bank within seven (7) days

of the notification (so, due on or about October 26, 2026), and warning that arbitration would commence if payment was not received. *See* **Exhibit 2**.

8. On November 3, 2026, Bulk Trading delivered to Defendant a notice of arbitration for proceedings in London, as per the Charterparty, which is governed by English law and contains a dispute resolution clause providing for disputes to be referred to arbitration in London as per LMAA Terms current at that time, to a three (3)-person Tribunal. *See* **Exhibit 1** at 19 and **Exhibit 3**.

9. The total quantum due and owing is no less than USD $1,237,919.88 plus applicable interest, fees, and costs.

**APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B**

10. Bulk Trading restates and re-alleges paragraph 1 – 9 in this Verified Complaint.

12. Plaintiff's claim against Defendant for breach of the Charterparty is a maritime claim. This is an ancillary proceeding brought to obtain jurisdiction over all bunkers owned by Defendant aboard the M/V CEDAR (IMO) to obtain security for Plaintiff's claim in aid of Plaintiff's London arbitration proceedings.

13. Interest, costs, and attorneys' fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 6%, compounded quarterly. The expected length of the arbitration is estimated to be 12 months.

14. Plaintiff expects to recover the following amounts in arbitration from Defendant:

| | | |
|---|---|---|
| A. | Claim: | USD 1,237,919.88 |
| B. | Estimated Interest for Principal Claim:<br>*1 year at 6% compounded quarterly* | USD 75,963.16 |

| | | |
|---|---|---|
| C. | Estimated Arbitration Costs: | GBP 55,000.00 |
| D. | Estimated Attorneys' Fees: | GBP 85,000.00 |
| | TOTAL:<br>*GBP conversion rate as of 11/05/2026* | USD 1,502,647.46 |

15. Therefore, Plaintiff's total claim for breach of the Charterparty, plus applicable interest, costs, and fees, is estimated to be no less than USD $1,502,647.46 in the aggregate, with the amounts denominated in GBP converted to USD through a reputable currency converter (www.xe.com) at the exchange rate current as of November 5, 2026 (approximately GBP 1.00 = USD 1.348). *See* **Exhibit 4**.

16. Defendant is not present and cannot be found within the Eastern District of Louisiana within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. Defendant is not registered to do business within the district, maintains no office or place of business within the district, and has no officer, managing agent, or agent for service of process within the district. The attorney declaration supporting these allegations is attached as **Exhibit 5**.

17. Plaintiff has conducted an investigation and made inquiries within the maritime industry regarding Defendant's regular business activities in light of the outstanding debts arising from Defendant's breach of the Charterparty.

18. Those investigations and industry inquiries have revealed that, pursuant to a separate charter party agreement, the M/V CEDAR, a vessel time-chartered to Defendant, is currently in this district. Plaintiff arranged for and obtained information identifying the M/V CEDAR as a vessel chartered to Hanson. *See* **Exhibits 6-8**.

20. Upon information and belief, the M/V CEDAR has on board tangible property of Defendant in the form of bunkers, as well as other tangible and/or intangible property of Defendant located onboard, all of which is subject to attachment as security for Plaintiff's maritime claims.

21. It is standard in the maritime industry, and under time charter party contracts in particular, that upon delivery of a vessel into time charterer service, the time charterer, such as Hanson, becomes the owner of the bunkers onboard the vessel.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Bulk Trading prays as follows:

A. that process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendant, and that Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. that if Defendant cannot be found within this district, then all of its respective tangible or intangible property within this District, or any property in which Defendant has an interest, debts, credits, or effects, including, but not limited to, bunkers aboard the M/V CEDAR owed by or in the hands or control of persons named as garnishees in the process of maritime attachment and garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. that if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, judgment be entered against the Defendant in the sum of USD $1,502,647.46 with applicable interest and costs, and the proceeds of the assets attached be applied in satisfaction thereof; and

D. that the Court grant Plaintiff such other and further relief as it deems just, equitable, and proper.

Dated: November 6, 2026
New Orleans, Louisiana

Respectfully submitted,

*/s/ Frederick W. Swaim III*________

FREDERICK W. SWAIM III (#28242)
FRASER K. MITCHELL (#41872)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, Suite 4000
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
fmitchell@gallowaylawfirm.com

*Attorneys for Plaintiff*
BULK TRADING S.A.

OF COUNSEL

CHALOS & CO, PC
George M. Chalos
*Pro Hac Vice Application Forthcoming*
*Attorney for Plaintiff*
55 Hamilton Ave
Oyster Bay, NY 11771
Tel: (516) 714-4300
gchalos@chaloslaw.com